Victoria L. Nelson, Chapter 7 Trustee
Email: trustee@nelsonhoumand.com
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3374
Facsimile:    702/720-3371

*Electronically Filed On: June 6, 2017*

*Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>AUTOMATED GAMING TECHNOLOGIES, INC.,<br><br>Debtor. | Case No. BK-S-17-11919-BTB<br>Chapter 7<br><br>**MOTION TO APPROVE SALE OF PERSONAL PROPERTY PURSUANT TO 11 U.S.C. § 363**<br><br>Date of Hearing:    July 6, 2017<br>Time of Hearing:   11:00 a.m.<br>Place: Courtroom No. 4, Second Floor<br>       Foley Federal Building<br>       300 Las Vegas Blvd., S.<br>       Las Vegas, NV 89101<br><br>Judge: Honorable Bruce T. Beesley |

VICTORIA L. NELSON, the appointed Chapter 7 Trustee in the above-captioned bankruptcy case (the "Trustee") hereby files this *Motion to Approve Sale of Personal Property Pursuant to 11 U.S.C. § 363* (the "Motion").[1]

The Motion is based on the following Memorandum of Points and Authorities, and the *Declaration of Victoria L. Nelson In Support of Motion to Approve Sale of Personal Property*

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure will be referred to as "FRCP" and the Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules".

-1-

*Pursuant to 11 U.S.C. § 363* (the "Nelson Declaration"), both of which are filed separately and concurrently with this Court pursuant to Local Rule 9014(c)(2).

The Motion is further based on the papers and pleadings on file in this case, and such other evidence that may be presented to the Court at the hearing on the Motion. Pursuant to Local Rule 6004(b)(3), a true and correct copy of the proposed order approving the Motion is attached hereto as **Exhibit "1"**.[2]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    JURISDICTION AND VENUE

The Court has jurisdiction over the bankruptcy case and the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, if the Court determines that absent consent of the parties the Court cannot enter final orders or judgment regarding the Motion consistent with Article III of the United States Constitution, the Trustee consents to entry of final orders and judgment by this Court. Venue before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion herein are Section 363 and FRBP 6004.

### II.    STATEMENT OF FACTS

1. On April 14, 2017 (the "Petition Date"), AUTOMATED GAMING TECHNOLOGIES, INC. (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code [ECF No. 1].[3]

2. On April 14, 2017, the Trustee was appointed as the Chapter 7 Trustee in the Debtor's bankruptcy case.

3. On May 8, 2017, the Debtor filed an Amended Schedule B that identified the following personal property: (a) miscellaneous office furniture; (b) thirteen currency counting

---

[2] The Trustee also requests that the Court take judicial notice of all pleadings filed in the above-captioned bankruptcy case, including adversary proceedings, pursuant to Rule of Evidence 201, incorporated by reference by Federal Rule of Bankruptcy Procedure 9017.

[3] All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court.

machines; and (c) fourteen coin recycler machines (collectively, the "Property"). *See* Amended Schedule B [ECF No. 12], pp. 2-3.

4. The Debtor's Amended Schedule B stated that the value of the Property was approximately $3,000. *See* Amended Schedule B [ECF No. 12], pp. 2-3.

5. After the filing of the Debtor's bankruptcy petition, the Trustee contacted Nellis Auction to visit the storage unit where the Property was located to obtain an estimate as to its liquidation value.

6. After viewing the Property, Nellis Auction informed the Trustee that it was unlikely that the sale of the Property would generate proceeds in excess of the $3,000 valuation provided in the Debtor's bankruptcy petition.

7. That said, Ken Chupinsky, the principal of Nellis Auction, has offered the Trustee $1,500 to purchase the Property, which will avoid the risk of not generating sufficient proceeds following an auction.

8. Ken Chupinsky has also removed the Property from the Debtor's storage unit, thereby preventing the Debtor's bankruptcy estate from incurring administrative expenses related to the storage of the Property.

9. Accordingly, the Trustee seeks to sell the Property to Ken Chupinsky (the "Purchaser") in exchange for the payment of $1,500.

### III.    LEGAL ARGUMENT

The Bankruptcy Code provides the authority for the Trustee to sell the Property free and clear of all liens, claims, encumbrances and interests. *See generally* 11 U.S.C. § 363. 11 U.S.C. § 363(b)(1) provides that a Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. This provision generally allows a trustee (subject to Court approval) to sell property of the estate outside the ordinary course of business where the proposed sale is a sound exercise of the trustee's business judgment and the sale is proposed in good faith and for fair value. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Ernst Home Center, Inc.*, 209 B.R. 974, 980 (Bankr. W.D. Wash. 1997). When a trustee articulates a reasonable basis

for its business decisions, "courts will generally not entertain objections to the [trustee's] conduct." *Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1987).

11 U.S.C.§ 363(f) further states that the trustee may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

In the instant case, the Purchase Agreement was negotiated at arm's length in good faith, and the Trustee believes its terms are fair and reasonable under the circumstances. The Trustee seeks authority to sell the Property free and clear of all liens, claims and encumbrances which may be asserted against the assets, with any such liens, claims and encumbrances (if any) attaching to the proceeds of the sale. The sale of the Property is in the best interests of creditors because it will result in the immediate payment of $1,500 to the Debtor's bankruptcy estate while avoiding incurring any administrative expenses should the Property remain in the Debtor's storage unit.

In addition to the other sale-related relief sought herein, the Trustee requests that the Court specifically find inapplicable any stays that might otherwise inhibit the Trustee's ability to close the proposed transaction for the sale of the Property immediately after the Court enters an order approving the transaction, including, without limitation, those arising under FRBP 6004.

Finally, the Trustee requests that the Court deem the Purchaser as a good faith purchaser pursuant to Section 363(m). *In re Onouli-Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988). The Purchaser has offered to pay a reasonable purchase price for the Property considering the valuation provided by the Debtor in its Amended Schedule B. The Trustee is further informed and believes that the Purchaser does not have any relationship or connections with the Debtor that would suggest that their offer to purchase the Property is not in good faith.

1  The Motion and supporting declarations have been served on (a) the Office of the United States Trustee, (b) the Debtors and their counsel, and (c) all parties requesting special notice. Notice of the Motion has also been served on all creditors and parties in interest. The Trustee submits that no other or further notice is required.

## V.  CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an Order: (1) approving the Sale of the Property free and clear of liens to the Purchaser pursuant to Section 363; (2) waiving the application of any stays under FRBP 6004; and (3) for such other relied as the Court deems just and proper under the circumstances.

Dated this 6th day of June, 2017.

**CHAPTER 7 TRUSTEE**

*/s/ Victoria L. Nelson*
Victoria L. Nelson, Chapter 7 Trustee
Email: trustee@nelsonhoumand.com
3900 Paradise Road; Suite U
Las Vegas, Nevada 89169-0903
Telephone:    702/720-3374
Facsimile:     702/720-3371